**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40469
Conference Calendar

_____

CHARLES RAY ALEXANDER,

                                        Plaintiff-Appellant,

versus

TEXAS DEPARTMENT CRIMINAL JUSTICE
RAMSEY II UNIT; R. TRINCI, Warden,
D. LORIMER, Assistant Warden;
NFN ROOSEVELT, Mr.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-02-CV-223
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

     Charles Ray Alexander ("Alexander") appeals the district

court's dismissal without prejudice of his 42 U.S.C. § 1983

complaint for failure to exhaust his administrative remedies, as

required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C.

§ 1997e(a).  Alexander has also filed a motion to file his reply

brief out of time.  That motion is GRANTED.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

In his appellate brief, Alexander does not address the district court's conclusion that he failed to exhaust administrative remedies. Although Alexander raises the issue in his reply brief, he abandoned the issue, as it was not raised and argued in his initial appellate brief. Cousin v. Trans Union Corp., 246 F.3d 359, 373 n.22 (5th Cir. 2001). Failure to identify an error in the district court's analysis is the same as if the appellant had not appealed the judgment. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Because Alexander does not contest the district court's conclusion that he failed to satisfy the exhaustion requirement until his reply brief, he has waived the only issue relevant to his appeal. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993) (issues not briefed are deemed abandoned).

Alexander's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the appeal is DISMISSED. 5TH CIR. R. 42.2. The dismissal of this appeal counts as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). We caution Alexander that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

MOTION GRANTED; APPEAL DISMISSED; SANCTION WARNING ISSUED.